UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:13-CR-00161-11 |
| | ) | REEVES/GUYTON |
| ELDER VASQUEZ | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's *pro se* motion for sentence reduction [R. 1052]. In support of his motion, defendant states that he has been an exemplary prisoner; he will be deported to Honduras upon completion of his sentence; and his family needs him back home. Defendant states that he has learned his lesson and he is repentant for his actions. He requests a reduction in his sentence from 108 months to 87 months.

Defendant was convicted of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and of money laundering in violation of 18 U.S.C. §§ 1956(h), and 1956(a)(1).

Defendant was sentenced to 108 months imprisonment on September 10, 2014. Once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute. *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). Defendant has cited no change in the Sentencing Guidelines or law that gives the court authority to modify his sentence. The

court notes that this is defendant's third request for a sentence reduction. Absent a change in the law, there is nothing the court can do to reduce his sentence.

The court commends defendant for his efforts at rehabilitation while incarcerated in the Bureau of Prisons. Unfortunately, the majority of the defendants who come before the court have families that are adversely impacted by a defendant's incarceration, but the court simply does not have the authority to reduce defendant's sentence. Accordingly, defendant's motion for sentence reduction [R. 1052] is **DENIED**.

Enter:

_____
**UNITED STATES DISTRICT JUDGE**